ALVERSON TAYLOR & SANDERS
KURT R. BONDS, ESQ.
Nevada Bar #6228
TREVOR R. WAITE, ESQ.
Nevada Bar #13779
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000
FAX (702) 385-7000
efile@alversontaylor.com
*Attorney for Defendant*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

-*-

TIMOTHY N. JOHNSON,

Plaintiff,

v.

THE CBE GROUP, INC. D/B/A CBE GROUP,

Defendant.

CASE NO.: 2:18-CV-00876 KJD-NJK

**STIPUALTED PROTECTIVE ORDER**

Plaintiff Timothy N. Johnson ("PLAINTIFF") and Defendant The CBE Group, Inc. d/b/a CBE Group ("CBE") (collectively "the Parties"), by and through their undersigned counsel, stipulate and agree that discovery in the above-entitled civil action ("Action") may involve the production of documents and/or information that the Parties may consider to be confidential, proprietary, and/or protected by statutory or other legal privileges. Accordingly, the Parties and their undersigned counsel agree as follows:

WHEREAS, the Parties in the Action, during the course of this Action, have been and will be



ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY, SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000 FAX (702) 385-7000

presented with discovery requests seeking the production of documents and/or information that the Parties claim to contain trade secrets or other confidential information;

WHEREAS, each party maintains that the unprotected disclosure of its trade secret and confidential information will be harmful to the party producing the information; and

WHEREAS, the Parties reserve the right to object to any discovery request that they believe should not require the production of any documents or information;

IT IS HEREBY ORDERED that:

1. Scope of Order. This Protective Order ("Order") shall govern the use and disclosure of all alleged confidential, proprietary or trade secret information ("Protected Information") produced by or on behalf of any party or furnished by any person associated with any party on or after the date of this Order in any pleading, discovery request, discovery response, document production, subpoena, or any other disclosure or discovery proceeding in this Action. Any alleged confidential or proprietary or trade secret information produced in discovery shall only be used for the purposes of preparing for and conducting this Action and only as provided in this Order.

2. Confidentiality Designations. Any party, person or entity producing information in this Action may designate any document, information, thing, or discovery response as protected by marking it at or before the time of production or exchange with the legend "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL". If it is impracticable to mark something with such a legend (e.g., information contained on a computer hard drive), the designation may be made in writing. All "HIGHLY CONFIDENTIAL" designations must be based on the good faith belief that the information constitutes highly confidential, proprietary or trade secret information requiring protection above and beyond that which is afforded by this Order to documents marked "CONFIDENTIAL". All "CONFIDENTIAL" designations must be based on the good faith belief that the information constitutes (a) confidential, proprietary or trade secret information or (b)

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY, SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000 FAX (702) 385-7000

information subject to a legally protected right of privacy.

3. Undertaking. Any documents or materials marked either "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" shall be held in confidence by each person to whom it is disclosed according to the procedures set forth in this Order; shall be used only for purposes of preparation, trial, and appeal or confirmation of this Action; shall not be used for any business or commercial purpose; and shall not be disclosed to any person who is not authorized to receive such information as provided herein. All documents or materials so marked shall be carefully maintained in secure facilities.

4. Manner of Designation.

a. The designation of documents or other materials shall be made by written notice in the documents or materials by affixing to it, in a manner that shall not interfere with its legibility, the words "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" on all or any part of the document or thing. Wherever practicable, the designation of "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" shall be made prior to, or contemporaneously with, production or disclosure. Documents or information designated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" before entry of this Order shall be treated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" within the meaning of this Order. The non-designating party may challenge any designation of confidentiality in accordance with Paragraph 11.

b. All deposition transcripts in this Action shall be treated by all parties as provisionally protected as "HIGHLY CONFIDENTIAL" for a period of fourteen (14) calendar days following receipt of the transcripts. Within the fourteen (14) day period, any party may designate particular portions of a transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information by giving written notice of such designation to every other party to the Action. To the extent possible, the party making the designation shall be responsible for assuring those portions of the deposition

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY, SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000 FAX (702) 385-7000

transcript and exhibits designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are appropriately bound by the reporter. The Parties should avoid designating entire transcripts as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" where only a portion thereof or the exhibits used therewith qualify for protection under this Order; to the extent reasonably practicable, only such portions or exhibits should be designated. Failure of a party to so designate any particular portion of the transcript establishes that such portion is not subject to this Order.

c. In the event that a party is permitted by agreement or by order of the Court to inspect or review documents prior to production, all documents and things produced at such inspection will be considered to be HIGHLY CONFIDENTIAL. At the time documents and things are actually produced, however, an appropriate designation, if any, shall be placed on each document or thing in accordance with this Protective Order.

5. Use and Access of Confidential Information.

a. HIGHLY CONFIDENTIAL: Except as set forth herein or in any subsequent order of the Court or by express written consent of counsel of record, no documents, things or information designated as "HIGHLY CONFIDENTIAL" shall be, directly or indirectly, delivered, exhibited or disclosed to persons other than:

(i) the Court, or any Court personnel, and any court reporter or videographer recording or transcribing testimony in a deposition or hearing in this Action; and

(ii) Counsel, and in-house counsel, for the parties and their paralegals, law clerks, and clerical staff who are providing active assistance with this Action; and

(iii) any person identified from the four corners of the information, document or thing itself as having authored or previously received the information, document or thing; and

(iv) any expert or technical advisor retained or employed by any party for the purposes of this Action, provided that said experts or consultants have executed a certification in accordance with

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY, SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000 FAX (702) 385-7000

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY, SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000 FAX (702) 385-7000

Paragraph 6 below; and

(v) other persons who may be specifically designated by consent of all attorneys of record or pursuant to an order of the Court, provided that said person has executed a certification in accordance with Paragraph 6 below; and

(vi) any party or employee of a party under the following conditions only: counsel for the parties may show, discuss and review HIGHLY CONFIDENTIAL information and materials with a party or an employee of a party, but the party or employee of the party may not (1) keep a copy of the HIGHLY CONFIDENTIAL materials; (2) view the HIGHLY CONFIDENTIAL materials outside the direct supervision of counsel; (3) take notes concerning the content of the HIGHLY CONFIDENTIAL materials; (4) discuss or disclose the contents of the HIGHLY CONFIDENTIAL materials with or to other employees (excluding named parties) or third parties unless these third parties are technical advisors (as defined in paragraph 6); and/or (5) use the HIGHLY CONFIDENTIAL materials for any purpose other than in connection with the prosecution or defense of this Action.

b. CONFIDENTIAL: Except as set forth herein or in any subsequent order of the Court or by express written consent of counsel of record, no documents, things or information designated as "CONFIDENTIAL" shall be, directly or indirectly, delivered, exhibited or disclosed to persons other than:

(i) the Court, or any Court personnel, and any court reporter or videographer recording or transcribing testimony in a deposition or hearing in this Action; and

(ii) Counsel for the parties and their paralegals, law clerks, and clerical staff who are providing active assistance with this Action; and

(iii) any person identified from the four corners of the information, document or thing itself as having authored or previously received the information, document or thing; and

(iv) the parties to this Action, provided, however, that disclosure may be made only to the extent necessary for the prosecution or defense of this litigation;

(v) any actual or potential witness, provided that said witness has executed a certification in accordance with Paragraph 6 below; and

(vi) any person testifying at a deposition, provided that said person has executed a certification in accordance with Paragraph 6 below; and

(vii) any expert or technical advisor retained, employed, or consulted by any party for the purposes of this Action, provided that said experts or consultants have executed a certification in accordance with Paragraph 6 below; and

(viii) other persons who may be specifically designated by consent of all attorneys of record or pursuant to an order of the Court, provided that said person has executed a certification in accordance with Paragraph 6 below.

6. Disclosure to Witnesses and Technical Advisers and Certification of Confidentiality.

Before giving any witness, or technical adviser access to information, documents or things designated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL", the party's Counsel who seeks to disclose such information to such witness, or technical adviser shall require the witness or technical adviser to read and agree to be bound by this Order by signing a certification stating the following:

> I certify my understanding that documents, information, answers, and responses are provided to me pursuant to the terms and restrictions of the Stipulated Protective Order in Timothy N. Johnson v. CBE ("Order"). I have been given a copy and have read that Order.
>
> I have had its meaning and effect explained to me by counsel who provided me with the information. I understand that such information and documents, and any copies,

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY, SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000 FAX (702) 385-7000

any notes or other memoranda regarding information in such documents, shall not be disclosed to others except in accordance with that Order, and shall be used only for purposes of this proceeding. I agree to comply with the Order.

The term "technical adviser" shall mean any person, including but not limited to a proposed expert witness or consultant or consulting expert, with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof.

7. Safeguarding Confidential Information. The recipient of any "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" material provided pursuant to this Order shall maintain such information in a secure and safe area and shall exercise due and proper care with respect to its storage, custody and use, so long as it remains so designated.

8. ~~Filing Protected Materials in Court. Unless agreed otherwise by the parties in writing, a party incorporating Protected Information into a document to be filed in a court shall seek leave to file such protected material under seal.~~

See order issued concurrently herewith

9. Final Disposition. Within ninety (90) days of the conclusion of this Action, including any appeals, all "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" information furnished pursuant to the terms of this Order, any notes reflecting Protected Information and all copies thereof, which are not in the custody of the Court, shall be returned to the party furnishing that Information or be destroyed (and certified by affidavit as having been destroyed) by the party in possession thereof, provided that counsel for the parties may retain their notes and any work product materials and litigation files.

10. No Presumption of Protected Status. This Stipulated Protective Order does not address discovery objections, nor does it preclude any party from asserting objections to any discovery request for any reason permitted by the applicable rules of civil procedure or as otherwise

ALVERSON ... R & SANDERS
6605 GRAND MON... ARKWAY, SUITE 200
LAS VE... ADA 89149
(702) 384-... (702) 385-7000

permitted by law. This Order does not preclude any party from moving for any relief cognizable under rules of civil procedure.

11. Challenging Confidential Designation. A party may oppose the designation of protected material by notifying the opposing party in writing. If a party opposes the designation of any particular document or information designated as “HIGHLY CONFIDENTIAL” or “CONFIDENTIAL”, the parties shall make a good faith attempt to resolve the dispute by agreement. If the parties are unable to resolve the dispute, then the party opposing the designation may file a motion with the Court to have the designation modified or removed. The burden remains on the designating party to demonstrate the propriety of the designation. Until a motion is filed and resolved by the Court, all documents and materials with which a confidential designation is being challenged shall be treated in the confidential manner that they have been designated by the producing party as prescribed in this Order. Any motion filed pursuant to this paragraph shall identify with specificity each and every document or piece of information for which a confidentiality designation is being challenged and state the basis for such challenge.

12. Challenging Use of Highly Confidential Documents. A party may oppose the prohibition on providing highly confidential documents to a party by notifying the opposing party in writing. The parties shall make a good faith attempt to resolve the dispute by agreement. If the parties are unable to resolve the dispute, then the party desiring to provide the document to a party may file a motion with the Court to have the ability to show the document to their party. Until a motion is filed and resolved by the Court, all documents and materials with which a highly confidential designation is being challenged shall be treated in the manner that they have been designated by the producing party as prescribed in this Order. Any motion filed pursuant to this paragraph shall identify with specificity each and every document or piece of information for which a challenge is asserted and state the basis for such challenge.

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY, SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000 FAX (702) 385-7000

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY, SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000 FAX (702) 385-7000

13. Modification of Order. Nothing in this Order shall preclude any party from applying to the Court for an appropriate modification of this Order; provided, however, that before such an application, the parties involved shall make a good faith effort to resolve the matter by agreement. Furthermore, the parties can agree in writing, without approval from the Court, on the exclusion of particular information, documents, answers, or responses from the scope of this Order.

14. Inadvertent Production. The inadvertent production pursuant to discovery by any party of any document or communication that is protected by privilege, work product doctrine or statutory confidentiality will not operate as a waiver of the producing party's right to assert a defense to production of that document or communication, or any other document or communication, and any such material shall be returned promptly to the party producing it on timely written demand identifying the specific document(s). Any information, document or thing mistakenly produced or disclosed without a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation may be subsequently designated by the producing party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at any time pursuant to the terms of this paragraph without waiving the confidential nature of the document or information. In each such case, the designating person shall provide to all other parties notice, either orally followed by written notice within five (5) business days or by written notice, of that subsequent designation and a copy of the document or thing marked in accordance with this paragraph.

15. Continuing Jurisdiction. Unless superseded by later order, this Order shall remain in full force and effect after the termination of this Action and the parties agree that the Court may enforce the terms of this Order and/or redress any violations thereof.

16. Non-Parties. The existence of this Order may be disclosed to any non-party producing documents or information in this Action who may reasonably be expected to desire confidential treatment of such information. Such non-parties may avail themselves of the protections of this

Order. By availing themselves of the protections of this Order, such non- parties consent to the jurisdiction of the Court for purposes of enforcing the terms of this Order only.

17. Exclusions. The restrictions set forth in any of the paragraphs hereof with respect to information, documents or things designated as “CONFIDENTIAL” or “HIGHLY CONFIDENTIAL” shall not apply to:

a. any information, document or thing which at the time of disclosure to a receiving party is in the public domain in its protected form;

b. any information, document or thing which after disclosure to a receiving party becomes part of the public domain in its protected form as a result of publication not involving a violation of this Order;

c. any information, document or thing which a receiving party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; or

d. to any party who produced the information, document or thing designated as “CONFIDENTIAL” or “HIGHLY CONFIDENTIAL.”

///

///

///

///

///

///

///

///

///

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY, SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000 FAX (702) 385-7000

18. Existing Obligations. This protective order shall not be construed as, and does not constitute, a novation of any existing obligations of confidentiality a party may owe another party. To the extent they already exist, all such obligations remain in full force and effect notwithstanding the provisions of this protective order.

IT IS SO ORDERED.

____________________________________
United States Magistrate Judge

Dated: August 10, 2018

IT IS SO STIPULATED:


//S// David H. Krieger
David H. Krieger
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, NV 89123
P: 702-880-5554 | F: 702-385-5518
dkrieger@hainesandkrieger.com

Dated: 8/8/2018

//S// Trevor R. Waite
Trevor Waite, Esq.
ALVERSON TAYLOR & SANDERS
6605 Grand Montecito Pkwy., Suite 200
Las Vegas, NV 89149
702.384.7000 | 702.385.7000 Fax
twaite@alversontaylor.com

Dated: 8/8/2018


\\atms-fs2\data\kurt.grp\CLIENTS\25700\25704\pleading\SPO v2.doc


ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY, SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000 FAX (702) 385-7000

Exhibit A

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY, SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000 FAX (702) 385-7000

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

-*-

| TIMOTHY N. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>THE CBE GROUP, INC. D/B/A CBE GROUP,<br><br>Defendant. | CASE NO.: 2:18-CV-00876 |
|---|---|

AGREEMENT TO MAINTAIN CONFIDENTIALITY

The undersigned hereby acknowledges and says:

I hereby attest to my understanding that information or documents designated "CONFIDENTIAL" are provided to me pursuant to the terms and conditions and restrictions of the Stipulated Protective Order ("the Order") dated August __, 2018 in the above-styled Action; that I have been given a copy of and have read the Order, and that I hereby agree to be bound by its terms. I also understand that my execution of this Agreement to Maintain Confidentiality, indicating my agreement to be bound by the Order, is prerequisite to my review of any produced materials, as defined in the Order.

I further agree that I shall not disclose to others, except in accordance with the Order, such information or documents, including notes or other memoranda writings regarding information contained therein, and that such information or documents shall be used only for the purposes authorized by the Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of this Action.



ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY, SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000 FAX (702) 385-7000

I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Order, I may be subject to sanctions.

I further agree to be subject to the jurisdiction of the Court to enforce this Order.

Dated: ____________________________________________

By:______________________________________________

Printed Name: _____________________________________

Subscribed and sworn to before me this ___ day of ___________________.

____________________________________
Notary Public

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY, SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000 FAX (702) 385-7000